```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AGAMEDE LIMITED, et al.,
                          Plaintiffs,

        -against-                                              ORDER
                                                               CV-04-2985(SLT)
LIFE ENERGY & TECHNOLOGIES HOLDINGS,
INC., et al.,

                          Defendant.
-----------------------------------------------------------------X
```

**GOLD, S., U.S.M.J.:**

Pending before me are plaintiffs' requests that I recommend that a default judgment be entered against defendant Life Energy & Technology Holdings, Inc. ("Life Energy"), that the judgment name the Bahama-formed Global Environmental Energy Corporation ("GEEC Bahamas") as the true defendant, and that certain relief be granted with respect to the shares of stock at issue in this lawsuit. Docket Entry 29. These requests are related to rulings I made in a related action, Rostolder v. Life Energy & Technology Holdings, Inc., et al., CV-03-3375 ("Rostolder"). In particular, I held in Rostolder that Life Energy was collaterally estopped from arguing that its legal successor was any other than GEEC Bahamas, as this already had been ruled upon by United States District Judge Henry C. Morgan, Jr. of the United States District Court for the Eastern District of Virginia after an evidentiary hearing involving the same defendants. See Liberatore v. Life Energy and Technology Holdings, Inc., CV-04-618 ("Liberatore"). Though neither principal nor counsel for either Life Energy or GEEC Bahamas has appeared or submitted papers in this case, counsel for the similarly named, Delaware-incorporated entity Global Environmental Energy Corporation ("GEEC") – thus far a non-party – did submit an opposition memorandum. Docket Entry 30. GEEC argues that it, not GEEC Bahamas, is the legal successor to Life Energy, and that Judge Morgan's determination in Liberatore of the actual successor to Life Energy is not suitable for the operation of collateral

estoppel as defendants in that case have filed a notice of appeal.

It is fundamental to any application of preclusion that the prior judgment being relied upon is final. In this case, Virginia state law governs whether the pendency of an appeal affects the finality of a judgment of a federal court sitting in diversity for purposes of preclusion. As the United States Supreme Court instructed in <u>Semtek International Incorporated v. Lockheed Martin Corporation</u>, 531 U.S. 497 (2001), "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," and federal common law looks to "the law that would be applied by state courts in the State in which the federal diversity court sits." <u>Id.</u> at 508; <u>see</u> <u>also</u> <u>Smith v. Woosley</u>, 399 F.3d 428, 435 (2nd Cir. 2005); <u>Mario Valente Collezioni, Ltd. v. AAK Ltd.</u>, 2004 WL 724690, *4 (S.D.N.Y. Mar. 26, 2004) (looking to New York law to determine whether collateral estoppel should apply to findings of a federal court sitting in diversity in New York); <u>NAS Electronics, Inc. v. Transtech Electronics PTENAS Electronics, Inc. v. Transtech Electronics PTE Ltd.</u>, 262 F. Supp.2d 134, 143 (S.D.N.Y., 2003) (same). Because the only basis for jurisdiction over the parties in <u>Liberatore</u> was diversity, I must look to the law of the state where the <u>Liberatore</u> Court sits, namely Virginia, to determine whether defendants in that action may be collaterally estopped from relitigating Judge Morgan's findings after having filed a notice of appeal.

Despite the fact that under federal law and the laws of the vast majority of states, preclusive effect is accorded to final court orders during the pendency of an appeal, Virginia law provides a different rule. <u>Faison v. Hudson</u>, 417 S.E.2d 302, 305 (Va.1992) ("Although we previously have not decided the precise question presented, we conclude that the better rule, which we now adopt, is that a judgment is not final for the purposes of res judicata or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal have not expired."); <u>see</u> <u>also</u> <u>Williams v. First Federal Sav. and Loan Ass'n ofWilliams v. First Federal</u>

Sav. and Loan Ass'n of Arlington, 651 F.2d 910, 927, n.37 (4th Cir. 1981) ("It is only the case's lack of finality because of the pending appeal which prevents us from giving preclusive effect in this matter of state law."). GEEC states in its opposition memorandum that a notice of appeal from Judge Morgan's order has been filed, and it has attached an electronic copy of the docket sheet reflecting that filing. Docket Entry 30. Therefore, it appears that I may not apply the doctrine of collateral estoppel to Judge Morgan's judgment in Liberatore during the pendency of its appeal.

For the reasons stated above, I conclude that I must await the completion of defendants' appeal in Liberatore before I may consider ordering GEEC Bahamas named as the true the defendant in this action on the basis of collateral estoppel. I therefore deny Plaintiffs' application requesting that I recommend entry of default judgment and amendment of the caption. If the parties disagree about the application of Semtek to this case, they may submit legal memoranda on the issue by September 12, 2005.

**SO ORDERED.**

**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
September 2, 2005

U:\JC 2005-2006\Life Energy\life energy 090205.wpd