UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AGAMEDE LIMITED, et al.,

                       Plaintiffs,

              -against-                     **ORDER**
                                                   04-CV-2985 (SMG)

LIFE ENERGY & TECHNOLOGY HOLDINGS, INC.,
now known as GLOBAL ENVIRONMENTAL ENERGY
CORP. (BAHAMAS) and MILDRED ROSTOLDER
d/b/a NORTH AMERICAN TRANSFER COMPANY,

                       Defendants.
------------------------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

       The Court is currently reviewing Mildred Rostolder's application for attorney's fees and costs. On February 22, 2006, I granted Rostolder's motion for default judgment against GEEC Bahamas. Docket Entry 62. On April 1, 2006, Rostolder filed her motion for attorney's fees pursuant to the default judgment. Docket Entry 63.

       Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether

plaintiff has stated a cause of action).

In her answer to the complaint, Rostolder filed a cross-claim against LETH, alleging that she was "entitled to indemnity from LETH for any liability arising from this proceeding, including reasonable attorney fees pursuant to the indemnity provision contained in the written contract between LETH and Rostolder wherein she was retain as LETH's stock transfer agent." Answer ¶ 67. Moreover, she alleged that "[o]n July 30, 2001 Anthony Liberatore, Vice President of LETH agreed in writing to indemnify and save harmless [Rostolder] from all . . . expenses incurred by reason of her compliance with its instructions not to issue a replacement certificate" to Agamede. *Id*. at ¶ 68. In her application for attorney's fees, however, Rostolder failed to provide the Court with a copy of the retainer agreement with the indemnity provision or the indemnification agreement specific to the Agamede certificate. *See* Docket Entry 63.

Accordingly, Rostolder shall provide the Court with copies of all written agreements indemnifying Rostolder's attorney's fees no later than February 6, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
January 30, 2007

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**